IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01452-CYC

DEVIN KEARNS,

    Plaintiff,

v.

PATRICK MAUL, and
LARRY DOWNARD,

    Defendants.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge**.

    Plaintiff Devin Kearns asks the Court to further reopen discovery so he can request medical records and workman's compensation records relating to defendant Maul's injury to his hand. ECF No. 113. The defendants do not oppose the relief requested except to the extent that production of the requested documents may include personal financial information. ECF No. 116 at 4. The motion is granted in part.

## DISCUSSION

    While the plaintiff categorizes his request for additional discovery as simply an addition to a request addressed at the April 23, 2025 Status Conference, it is not. The plaintiff is once against asking the Court to reopen discovery in this case to allow him to seek yet another category of documents. The decision to reopen discovery "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). To determine whether discovery should be reopened, the Court considers (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4)

whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order, (5) the foreseeability of any need for additional discovery, and (6) whether the requested discovery is likely to lead to relevant evidence. *Id*. at 169.

The first factor addresses whether trial is imminent. *Id*. Trial has not yet been set. The first factor therefore weighs in favor of reopening discovery. However, notably, a Final Pretrial Conference is scheduled on January 13, 2026. ECF No. 111.

The second factor addresses whether the moving party's request is opposed. *Smith*, 834 F.2d at 169. The defendants do not oppose the request. *See generally* ECF No. 116. The second factor therefore weighs in favor of reopening discovery.

The third factor addresses whether the non-moving parties would be prejudiced. *Smith*, 834 F.2d at 169. Given that the defendants withdrew their Rule 56 motion, ECF No. 111, and do not oppose the request, there does not appear to be any prejudice to the defendants other than the potential disclosure of personal financial information noted in their response. ECF No. 116 at 4. However, any such prejudice can be mitigated through redaction of the documents. The third factor therefore weighs in favor of reopening discovery with the caveat that the documents be redacted as discussed in the defendants' response.

The fourth factor addresses the diligence of the moving party in obtaining discovery within the guidelines established by the Court. *Smith*, 834 F.2d at 169. The Tenth Circuit has explained that "[d]emonstrating good cause under [Fed. R. Civ. P. 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotation marks omitted). The plaintiff offers no showing of diligence. Further, the record demonstrates that the plaintiff has been given many chances to seek and produce all relevant

2

information in this case. For example, on December 18, 2024, the Court specifically addressed "the Parties' remaining discovery needs." ECF No. 91 at 1. At the December 18, 2025 Discovery Conference, the plaintiff had the opportunity to raise any remaining discovery issues with the Court and he did not request the documents that he now seeks. Again on April 23, 2025, at the plaintiff's request, the Court reopened discovery and asked the plaintiff exactly what information he needed in order to respond to a Rule 56 motion. ECF No. 111 at 1. The plaintiff identified this information on the record and the Court granted the plaintiff's request. *Id*. at 2. The plaintiff has had many opportunities to seek discovery in this case and having his hands shackled behind his back during the April 23, 2025 Status Conference is not a legitimate excuse for only now requesting this additional discovery. His failure to request this information previously demonstrates a lack of diligence. *Carroll v. SAFECO Ins. Co. of Am.*, No. 20-cv-00219-REB-NYW, 2020 WL 7664731, at *6 (D. Colo. Dec. 24, 2020); *Spacecon Specialty Contractors, LLC v. Bensinger*, No. 09-cv-02080-REB-KLM, 2010 WL 4823056, at *6 (D. Colo. Nov. 15, 2010) (finding that the plaintiff lacked diligence when he failed to explain why he waited four months to file motion to reopen discovery). Therefore, this factor weighs against reopening discovery and it is "the most important factor." *Graves v. Wirta*, No. 20-cv-03595-NYW, 2022 WL 1443058, at *7 (D. Colo. May 6, 2022).

The fifth factor addresses the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court. *Smith*, 834 F.2d at 169. The plaintiff offers no explanation for why he did not know that he would need these items before the filing of this motion. And the record makes clear that the plaintiff had ample time to pursue whatever discovery he believed he needed in this case. The Court held a Scheduling Conference on March 12, 2024. ECF No. 48. After extension, the discovery cut-off was November 12, 2024. ECF No.

66. As indicated above, the Court reopened discovery to address "the Parties' remaining discovery needs," ECF No. 91, and allowed the exchange of additional discovery prior to the January 31, 2025 dispositive motions deadline. On April 23, 2025, the Court allowed the plaintiff to detail all discovery he needed. The requested evidence is not new or unknown — it was foreseeable. Accordingly, this factor weighs against reopening discovery. *Graves*, 2022 WL 1443058 at *7.

The sixth factor addresses the likelihood that the requested discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169. Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery will be considered if there is any possibility that the information sought may be relevant to the claim or defense of any party. *Branch v. United Parcel Serv.*, No. 18-cv-03358-PAB-KLM, 2021 WL 4820540, at *3 (D. Colo. Oct. 14, 2021). The defendants do not dispute this factor and the requested information may be relevant to the plaintiff's claims. Accordingly, this factor weighs in favor of reopening discovery.

Taking into consideration all of the *Smith* factors, reopening discovery is warranted.

**The parties are warned that, absent unforeseeable circumstances, the Court will not entertain any further requests for reopening discovery. At some point, this case must move forward past the discovery phase.**

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion to reopen discovery, ECF No. 113, is **GRANTED in part**.

The defendant shall produce the requested documents, but may redact personal financial information.

Entered and dated this 16th day of June, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge