IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01452-CYC

DEVIN KEARNS,

    Plaintiff,

v.

PATRICK MAUL, and
LARRY DOWNARD,

    Defendants.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    This case was initiated on June 7, 2023 and, after a series of amendments, on April 1, 2024, plaintiff Devin Kearns filed his Fourth Amended Complaint, ECF No. 50, which is the operative complaint. The parties then exchanged discovery and in January 2025, the defendants filed a Rule 56 motion. ECF No. 100. However, in early 2025, both parties asked the Court to reopen discovery for limited purposes and, as a result, that Rule 56 motion was withdrawn. ECF No. 111. The Court allowed limited additional discovery, ECF Nos. 111, 117, and 120, and, in August, the defendants filed a new Rule 56 motion arguing, among other things, that the plaintiff failed to exhaust his administrative remedies. ECF No. 121. Because that argument is correct, the plaintiff cannot bring his claims in court. As a result, the Court grants the motion.

## LEGAL STANDARD

    A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation marks omitted).

The plaintiff does not do so. Several days after the defendants' motion was filed, the Court sua sponte provided the plaintiff with information about responding to the motion. ECF No. 123 at 1–2. The Court also explained how the plaintiff could request an extension of the 21-day deadline for filing a response, which was September 15, 2025. *Id*. at 2. A week after his deadline to respond expired, the plaintiff filed a motion requesting an unspecified extension of

the response deadline. ECF No. 125. The Court denied that request because it did not state the length of deadline requested as required by the local rules of this District, but sua sponte granted an extension through October 15, 2025. ECF No. 127 at 1–2. The Court also ordered the Clerk of the Court to mail a copy of the plaintiff's response to the January 2025 Rule 56 motion, which he said he needed in order to draft his response to the August 2025 Rule 56 motion. ECF No. 127 at 2. The Court's Minute Order also stated:

> **The plaintiff is warned that if he does not file a response by the October 15, 2025 deadline, the Court will rule on the pending motion for summary judgment, ECF No. 121, without the benefit of the plaintiff's input. In addition, the Court will not further extend this deadline absent extraordinary circumstances.**

ECF No. 127 at 2. Despite this warning, the plaintiff has not filed a response to the motion. In such a situation, the Court need not hold an evidentiary hearing. *Estrada v. Smart*, 107 F.4th 1254, 1261–63 (10th Cir. 2024) (teaching that if a plaintiff establishes a disputed issue of material fact, an evidentiary hearing should usually be held).

## **FACTS**

Because a district court is tasked with determining whether there is a genuine dispute as to any material fact, Fed. R. Civ. P. 56(a), the Federal Rules of Civil Procedure require a party "asserting that a fact . . . is genuinely disputed" to "support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c). This Court's Practice Standards further require particular denials or admissions of a movant's proposed set of undisputed facts by a party opposing summary judgment with specific citations to evidence in the record. D.C.COLO.MJ V.10. The Court explicitly explained this requirement to the plaintiff, ECF No. 123, and sua sponte extended his deadline to respond to the motion for summary judgment. ECF No. 127. Despite this, the plaintiff did not respond to the motion, let alone admit or deny the

3

defendants' undisputed facts. As a result, the Court may consider any unchallenged facts the defendants offer to be undisputed for this motion. Fed. R. Civ. P. 56(e)(2).

It is true that district courts must construe pro se plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), including during summary-judgment proceedings. *Hall*, 935 F.2d at 1110 n.3. But courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). And liberally construing pleadings cannot conjure a factual dispute out of thin air.

The following facts, therefore, are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), viewed in the light most favorable to the plaintiff.

In June 2022, the plaintiff was placed in Phase 3 of the Colorado Department of Corrections' ("CDOC") Youthful Offender System, a diversion program for young offenders sentenced to CDOC custody. ECF No. 121-10 ("Lira Decl.") ¶¶ 2–3. As a result, he was allowed to continue serving his sentence through non-residential community corrections supervision. *Id*. ¶ 4. In November 2022, the parole officer supervising the plaintiff determined that he had absconded from his community corrections placement and reported his status. *Id*. ¶¶ 5–6. Two days later, the plaintiff was arrested by CDOC's fugitive apprehension unit. *Id*. ¶ 6. The arresting officers called an ambulance and the plaintiff was taken to UC Memorial Hospital in Colorado Springs, Colorado. ECF No. 121-4 at 27:11–29:11. His claims allege that the defendants used excessive force against him while he was handcuffed to the hospital bed. ECF No. 50 at 4–13.

CDOC provides inmates with "an initial informal opportunity to engage in constructive dialogue" and a subsequent "formalized three-step grievance process for offenders set forth in Administrative Regulation" 850-04 ("AR 850-04"). ECF No. 121-13 ("DeCesaro Decl.") ¶¶ 3–4. AR 850-04 "is available only to offenders sentenced to" CDOC, which includes "offenders housed in private facilities and offenders who have been released to parole, community, or ISP supervision." ECF No. 121-14 at 2. It "provides that an offender is required to first attempt to resolve any issues or complaints he has by filing a document known as a Step 1 grievance," which "must be filed no later than thirty calendar days [from] the date the offender knew, or should have known, of the facts giving rise to the grievance." DeCesaro Decl. ¶ 5 (citing to AR 850-04(IV)(F)(1)(a)). The inmate must follow the steps provided in AR 450-04 through Step 3 to fully exhaust a claim. DeCesaro Decl. ¶ 8. The inmate must "file grievances with their case manager or other designated CDOC employees. The CDOC employee who receives the grievance records the date he or she received the grievance on the grievance form and then forwards the grievance to the grievance coordinator for processing." DeCesaro Decl. ¶ 13 (citing AR 850-04(IV)(C)(5)).

In this case, because he was part of the Youthful Offender Program, the plaintiff could have asked his parole officer for a grievance form and returned it to the parole officer for processing. Lira Decl. ¶¶ 7–10. Upon receipt, the grievance form would have been logged and scanned "into CDOC's electronic grievance database." DeCesaro Decl. ¶ 14 (citing AR 850-04(IV)(C)(7), (9)). And each grievance is assigned a tracking number. *Id.* ¶ 15 (citing AR 850-04(IV)(C)(10)). The plaintiff filed no grievances regarding his allegations that the defendants used excessive force against him in November 2022. *Id.* ¶ 21; Lira Decl. ¶¶ 10–12.

5

## ANALYSIS

The defendants argue that the plaintiff failed to exhaust his claims against them. ECF No. 121 at 4–7. The argument is correct.

The Prison Litigation Reform Act ("PLRA") prohibits any "action" from "be[ing] brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This includes "conditions" imposed on individuals in CDOC custody when outside of a prison itself. *Estrada*, 107 F.4th at 1265–66 (holding that the PLRA applied to individual held in a courthouse when he was "a prisoner in CDOC custody at the time he was shot" and was "under the control of armed CDOC officers inside the courthouse"); ECF No. 121-14 at 2 ((AR 850-04(IV)(A)(2) explains that the "grievance procedure is available only to offenders sentenced to" CDOC, which includes "offenders housed in private facilities and offenders who have been released to parole, community, or ISP supervision."). Under the PLRA, exhaustion is mandatory "for all actions brought with respect to prison conditions" "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (quotation marks omitted). In short, "the PLRA's exhaustion requirement applies to all inmate suits about [conditions of confinement], whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532; *see Darris v. McCall*, No. 12-cv-02685-REB-CBS, 2013 WL 3381273, at *1–2 (D. Colo. July 8, 2013).

Procedurally, "[f]ailure to exhaust under the PLRA is an affirmative defense." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). "When a defendant moves for summary judgment based on an affirmative defense, Rule 56 puts the burden on the defendant to demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Estrada*, 107 F.4th at

6

1261 (quotation marks omitted). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id*. "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id*.

Here, it is undisputed that AR 450-04 required the plaintiff to file grievances before initiating an action against the defendants, Lira Decl. ¶¶ 7–8, and that the plaintiff did not file any grievances regarding his claims against the defendants regarding their alleged use of excessive force against him in November 2022. *Id*. ¶¶ 10–12; DeCesaro Decl. ¶ 21–22. That bars his claims, which must be dismissed. *Estrada*, 107 F.4th at 1270 (affirming entry of summary judgment when plaintiff failed to exhaust his claim).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion for Summary Judgment, ECF No. 121, is **GRANTED**.

It is further ORDERED that the plaintiff's claims against the defendants are **DISMISSED without prejudice**. *See Bond v. Wormuth*, No. 22-5019, 2022 WL 17660542, at *5 (10th Cir. Dec. 14, 2022) (unpublished).

The Clerk of Court shall enter judgment in favor of the defendants and against the plaintiff and close this case.

Dated this 24th day of February, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge